# WR-48,960-06

JULY 16, 2015

TO:
ABEL Acosta CLERK
COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308  CAPITOL STATION
AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 21 2015

Abel Acosta, Clerk

FROM:

LORD H.OSBY
1430910
264 FM 3478
HUNTSVILLE,TEXAS
      77320-3322


        GREETINGS:

        Herein, you will the complete Petition for Discretionary Review Pursuant
to the applicable rules of Appellate Procedure-66,67,68,69.

        I cannot make copies here and am asking for the COURT to waive that
requirement, if it so will.  Please present to the Court.  At issue are the
following records of decisions of the Court of Criminal appeals:

        1>.38,597-A(received by the Court on May 16,2001) WR-48,960-02
        2>.38,597 B September 26,2007 WR-48,960-03
        3>.38,597-C May 27,2015,  WR-48,960-06


I am very grateful for your assistance.

                        RESPECTFULLY SUBMITTED,

# IN THE COURT OF CRIMINAL APPEALS

LORD HARLECH OSBY        §        27th JUDICIAL DISTRICT COURT
    Petitioner,        §        BELL COUNTY, TEXAS
                   §
                   §
                   §

---

## PETITION FOR DISCRETIONARY REVIEW

---

**HONORABLE COURT:**

Pursuant to Texas Rules of Appellate Procedure - 68, files this his petition for the COURT to excercise its' Supervisory Power as the Caretaker of TEXAS Law. Petitioner, LORD H. OSBY,TDCJ-CID No.1430910, W.J.Estelle Unit,Huntsville,Texas, 77320-3322. Herein, seeks the Court review of the Habeas Corpus proceeding held in the 27th JUDICIAL DISTRICT COURT,of Cause No.38,597-C, WR-48,960-06, on May 22, 2015.

Pursuant to Texas Rules of Appellate Procedure - 66.3, Petitioner urges the Court to Grant review in regards to the 27- District Court and the Article - 11.07 and subsections Mandatory procedures. Petitioner avers he is seeking Discretionary concerning the Discretion excercised by the 27th Disttrict Court in the Hearing held on May 27th 2015 Cause No.38,597-C, Bell County Texas, in which the District Dismissed the Application based on 11.07- 4(1),(2), and it is believed that the threshhold bar of 11.07 Section-4(a) was not met to proceed to the 1,2 subsections.

Petitioner beleives the Court may find that he has been denied a full and fair hearing, and Due Course of Law **and** Due Process ensured by Texas and United States Constitutions in the Writ of Habeas Corpus Procedures.

<1>

XI.                          TABLE OF CONTENTS

        A...............Note to Court Clerk
        1...............Petition
        2...............STATEMENT OF THE CASE
        2...............PROCEDURAL HISTORY
        2...............GROUND FOR REVIEW
        3...............QUESTIONS FOR REVIEW
        4...............AUTHORITIES AND ARGUMENT
        5...............AUTHROITIES AND ARGUMENT

XII.                         INDEX OF AUTHORITIES

        Ex Parte Evans                      964 s.W.2d 643

        Ex Parte Torres                     943 s.w.2d 469

        Ex Parte Whiteside                  12 s.w.3d 819

        Ex Parte Mcpherson                  32 s.w.3d 860

        Tesas Code Criminal Procedure       Article-11.07 Section 4(a)(1),(2).

IV. PETITIONER STATES THAT ORAL ARGUMENT IS WAIVED UNLESS THE COURT DEEMS APPROPRIATE.

V.                          STATEMENT OF THE CASE

In May 2015, Petitioner filed his Application for Writ of Habeas Corpus, 38,597-C, seeking relief from the conviction of Aggravated Robbery in June 6, 1990, wherein, he received a 22-year sentence. Petitioner discharged the sentence in April 2013 according to TDCJ-CID records, and as a collateral consequence is being held in Cause no.2005-CR-8108, that the complained of Cause No.38,597-C was used to enhance to a 60-year sentence from 2nd-degree to 1st-degree as a repeater under 12.42. Petitioner has never challenged the conviction as alledged by the District Court in its Dismissal Opinion. Petitioner states in May 16,2001,38,597-A,was denied(WR-48,960-02), as it was a challenge to a Parole violation on October 26,1999, Petitioner filed his 38,597-B, in september 26, wherein the 27-District Court dismissed under Sec.4. Petitioner filed 38,597-C, and on May 27, the District Court again Dismissed under Sec.4. (38,597-B – WR-48,960-03, 38,597-C – 48,960-06).

VI.                         PROCEDURAL HISTORY

Petitioner states that he has never been allowed to challenge the conviction of Cause no.38,597. In 1999 Petitioner's parole was violated and petitioner filed 38,597-A-decided on May 16,WR-48,960-02, After 38,597 was used to enhance the 2nd-degree felony in 2005-CR-8108, to 1st-degree as a repeater, petitioner filed 38,597-B, as his first challenge to the conviction, in September 26, 2007, WR-48,960-03, Again, the 27th District Court dismissed under Sec.4., In May of 2015, petitioner filed 38,597-C, on May 27,2015 the District Court dismissed under Sec.4.

VII.                        GROUNDS FOR REVIEW

1. Whether Petitioner was afforded a full and fair review in the District Court Habeas proceeding.

2. Whether the District Court has misconstrued the Article 11.07 Sec.4 (a),(1), (2), in this case.

3. Whether the District Court has decided an important question of State Law in a way that Conflicts with Applicable decisions of the COURT OF CRIMINAL APPEALS, and the SUPREME COURT of the UNITED STATES.

4. Whether the District Court's decision to dismiss 38,597-C under 11.07 Sec.4

<2>

conflicts with the COURT OF CRIMINAL APPEALS decisions on the same issue.

5. Whether the 27th District Court has so far departed from the accepted

and usual course of Judicial proceedings, as to call for an excercise
of the COURT OF CRIMINAL APPEALS' power of supervision

## QUESTIONS FOR REVIEW

1. Article 11.07 Sec.6, contains mandatory language for notification,
Does that include self represented Applicant?

2. The current Article 11.07 procedure does not allow for self represented
Applicants' to submit Motions,present evidence or proofs to support their
grounds for relief.
Does that make mandatory for the District Court to perform Direct and
Collateral Consequence Inquiries during fact-finding and Conclusions of Law?

3. Does Article 11.07 sec.4 bar fact-finding and conclusions of Law on grounds
for relief such as: 1>Trial Court lacked Jurisdiction,2>Ineffective Assistance
of Counsel, 3>Prosecutorial Misconduct?

4. Petitioner's Application for Writ of Habeas Corpus alleged that he was denied
a guaranteed United States Constitutional right which cannot be deemed from
the record of the Cause: Does the Habeas Court violate the 14th United States
Constitutional Amendment applicable via the 5th Amendments Due Process Clause?

5. The 27th District Court has stated in its' Findings of Fact and Conclusions
of Law- I. Findings of Fact,#3"The Applicant did not Appeal his Conviction,
but this is his third application for post-conviction Writ Habeas Corpus
relief in this case, his first and second having been denied without written
order" : In ground five of Petitioner's Application he assested that he was
effectively denied a state created right of Appeal and the Attorney failed
to withdraw properly.,: Does the this amount to a denial of a full and fair
review, and Due Course of Law, and Due Process of the Texas and United States
Constitutional Provisions, and amount to Egregious action on the part of the
Habeas Court as it has literally answered for the Attorney, and completely
overlooking the Docket sheet in the record of Cause No.38,597 wherein the
Advisement of an Appeal was documented by the Presiding Judge Joe Carrol on
June 6, 1990?

IX.                    ARGUMENT and AUTHORITIES

        Petitioner avers that 11.07 Section - 4(a) states:"If a subsequent
application for writ of habes corpus is filed after final disposition of
an initial application challenging the same conviction, a court may not
consider the merits of or grant relief based on the subsequent application
unless the application contains sufficient specific facts establishing that"
Petitioner stps there because that is in petitioner's Laymen opinion where
The District Court has abused its' discretion.  District Court has stated it
is dismissed Petitioner's application based a failure to comply with sections
(1),and (2).see Pg.2-Findings of Fact and Conclusions of Law(38,597-C-May 27,
2015). The applicable case-law deemed well settled on the issue of "challenge
to the conviction", would suggest the District Court has:

1. Misconstrued the Article 11.07 Section-4(a), which is the threshhold before
   on can be held to (1), or (2) sections.

2. Decided an important question of State Law in a Way that Conflicts with Applicable
   decisions of the Court of Criminal Appeals, and the Supreme Court of the United
   States.

3. Conflict with the Court of Crimial Appeals decisions on the same issue.

4. Departed from the usual course of proceedings, as to call for an excercise
   of the Court of Criminal Appeals' power of Supervision.

5. Denied Petitioner a full and fair review in the Habeas Proceedings.
   Based on the following core case law: Ex Parte Evans 964 s.w.2d 645, Ex Parte
   Torres 943 s.w.2d 469, Ex Parte Whiteside 12 s.w.3d 819, and Ex Parte Mc Pherson
   32 s.w.3d 860;  Petitioner in Cause No.38,597-A, sought a writ of Habes Corpus
   for what he believed was a due process violation when his parole was violated
   only-decided by Court of Criminal Appeals on May 16,2001-WR-48,960-02-Tex.Crim.
   App.  Boththe previous 38,597-B WR-960-03-Tex.Crim.App.September 26,2007, and
   the now 38,597-C have been decided as barred under Sec.4(1),(2), without any
   consideration or fact finding of 38,597-A, while it possess the record in its'
   own file history.  It appears that the District Court has abused its' discretion
   in the Habeas Corpus Procedure dismissing Petioner's Application by choosing

<4>

to overlook the threshhold bar of 11.07 sec.4(a), Arbitrarily dismissing on (1), and (2). both this Application 38,597-C, and the previous 38,597-B, for the same reasons. Petitioner has already reaped on collateral Consequence in that 38,597 was used to enhance his current holding case beyond the maximum the Legislature intended for a 2nd-degree felony, to 60-years as a 1st-degree repeater in Cause No.2005-CR-8108 2007-Bexar County,Tx.

X.                               PRAYER FOR RELIEF

Petitioner prays for the following relief :

1>. The Court Grant Review of this his laymens Petition for Discretionary Review.

2>. Upon granting review remand back to the District Court for proper Article-11.07 procedures that comport with existing case law, and Due Course of Law and Due Process Provisions of the Texas and United States Constitutions.

3>. In the alternative, the Court grant relief it deems appropriate,or Allow Petitioner to seek Mandamus relief.

Petitioner seeks any relief the Court deems appropriate.

**Executed on this the 16th dayof July 2015.**

Respectfully Submitted,

LORD HARLECH OSBY
TDCJ-CID No.1430910
264 FM 3478
Huntsville, Texas
77320-3322

<5>

## CERTIFICATE OF MAILING

Petitioner Lord Harlech Osby, TDCJ-CID No.1430910, W.J.Estelle unit, Huntsville, Tx., Declares under penalty of perjury that he placed this his Petition for Discretionary Review in the Units' internal Mailing system on this the 16 of July 2015.

**Executed on this the 16th day of july 2015.**

## CERTIFICATE OF SERVICE

Petitioner Lord Harlech Osby declares under the penalty of perjury that he is unable to make copies recomended by the statutes governing the Petition for Discretionary Review. As such he has asked the Clerk to provide the necessary copies to the State' Attorney.

**Executed on this 16th day of July 2015.**

&lt;end&gt;